[Crim. No. 15654. First Dist., Div. Four. Jan. 12, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKEY LEE CAMPBELL, Defendant and Appellant.

■■■■■

■■■■■

■■■■■

**COUNSEL**

Vincent E. Keyes, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Margaret D. Geib, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—Rickey Lee Campbell appeals from an order by which he was admitted to probation after a jury found him guilty of receiving stolen property (Pen. Code, § 496).

Appellant contends, citing Evidence Code section 1153,[1] that the court erred when it received proof by means of the transcript of the arraignment in the municipal court, of the following colloquy which occurred at that hearing:

"The Court: Do you want to proceed in a felony hearing representing yourself?

"The Defendant: Yes, because like when I spoke to you the last time, I told you that this receiving that I got was because of stuff I had in my car,

---

\*Before Caldecott, P. J., Rattigan, J., and Christian, J.

[1]Evidence Code section 1153: "Evidence of a plea of guilty, later withdrawn, or of an offer to plead guilty to the crime charged or to any other crime, made by the defendant in a criminal action is inadmissible in any action or in any proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals."

■■■■■

and I don't feel that I should go through Superior Court when I know I'll be found guilty, because it was on my car, and I had that car since '71, and that detective knowing it was my car, so I just . . .

"The Court: What you're saying is you're guilty and they can prove it and there is no point in dragging it out?

"The Defendant: Yes."

The trial court did exclude, upon timely motion by the defense, an earlier passage in the same colloquy where the magistrate said, "What you want to do is plead today and get it over with" and the defendant said, "Yeh."

■ The record on appeal has been augmented to include the transcript of the entire hearing before the magistrate. Examination of that transcript establishes that the admission which was received in evidence at trial, over objection, was part of an offer by appellant, addressed to the magistrate, to plead guilty. Under Evidence Code section 1153, the statements were inadmissible. A factual defense was attempted at trial, and the jury would not have known of the offer to plead guilty but for the court's erroneous ruling. There is a reasonable likelihood that without the disputed evidence a different verdict would have been reached. Therefore, reversal of the judgment is called for. (See *People* v. *Tanner* (1975) 45 Cal.App.3d 345 [119 Cal.Rptr. 407].) Other points raised by appellant need not be discussed.

The order is reversed.